IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHASE BASS, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|   v. | ) CIVIL CASE NO. 1:22-cv-641-ECM |
| | )              (WO) |
| UNIFIRST CORPORATION, | ) |
| | ) |
|   Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

Plaintiff Chase Bass ("Bass") filed this action against his former employer, defendant UniFirst Corporation ("Alabama CVS") alleging that he had been subjected to discrimination and retaliation in violation of Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq* and interference with his rights under the Family and Medical Leave Act, 29 U.S.C. § 2601(a)(40.  He seeks compensatory and punitive damages, injunctive relief, and attorney fees.  The Court has jurisdiction over this matter pursuant to its federal question jurisdiction, 28 U.S.C. § 1331.

This action is now pending before the Court on the parties' joint motion to stay pending arbitration (doc. 12) filed on December 9, 2022.  When Bass was hired by UniFirst, he agreed to "utilize binding arbitration to resolve all disputes that may arise out of the employment context." (Doc. 12-1 at p.7 § 11).  The parties "agree that any claim, dispute, and/or controversy that Employee may have against the Company . . . arising from, or related to . . . the Employee's employment with the Company or termination of that employment, shall, . . . . be submitted to and determined exclusively by binding arbitration

. . .". (*Id.* at §11.a). The Plaintiff's claims against the Defendant fall within the terms of the arbitration agreement and are therefore subject to binding arbitration. The parties ask the Court to enter an order staying this case pending arbitration. (Doc. 12 at 2). Upon consideration of the motions, and for good cause, the Court concludes that the motion to stay should be granted.

Pursuant to the Federal Arbitration Act ("FAA"), "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy . . . arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The parties agree that a valid agreement to arbitrate exists between the parties, and they do not dispute that the arbitration provisions satisfy the FAA's requirement of a contract "involving commerce." *Id*. The Court is empowered pursuant to 9 U.S.C. § 3 to stay this action while the parties submit to arbitration.

Accordingly, upon consideration of the motion, and for good cause it is

ORDERED that the parties' joint motion to stay (doc. 12) is GRANTED and this case is STAYED pending further order of the Court. It is further

ORDERED that, every sixty days, on or before the fifth day of each month, beginning on **March 1, 2023**, the parties shall file a joint status report advising the Court of the status of the arbitration.

Done this 22nd day of December, 2022.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE